UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:23-cv-60662-CMA

SABRINA MARTINEZOVA

       Petitioner,

v.

JOHANNER GIRONELLA,

       Respondent.

_____/

## ANSWER TO VERIFIED PETITION FOR RETURN OF CHILDREN TO SPAIN AND AFFIRMATIVE DEFENSES

### I.    INTRODUCTION

This is a case in which the Petitioner has wrongfully claimed that the habitual residence of the children is the country of Spain. In fact, it is the United States. She has also incorrectly claimed that she did not consent to the return of the children to the United States. These allegations will be rebutted at trial. The Respondent will demonstrate that the allegations regarding the couple's and children's residency in Spain set forth for jurisdictional purposes only, in the Respondent's divorce petition are not the same definitionally as the habitual residence of the children here in the United States.

Sabrina Martinezova and Johanner Gironella met in 2013 in Miami and Petitioner decided to permanently move to the United States in August 2014. The couple settled in the city of Miami at that time. Petitioner was already pregnant with AGM her now 8-year-old daughter by then. In November 2014 the couple got married in Coral Gables Florida. AGM was born on February 16, 2015, in the city of Miami.

1

In February 2020 all the COVID pandemic began, and Respondent's company allowed him to work temporarily at home. In August 2020 the couple moved to Fort Lauderdale. where they signed a lease in August 2020 for one year.

In September 2020 the couple's son EGM now 2 years, 5 months old was born in South Florida. In the year 2020 the couple made one trip to Spain for 5 days.

In early 2021 Petitioner proposed the couple temporarily move to Spain to pursue training as a beautician and to open a salon to temporarily contribute to the couple's income during the pandemic. Since Respondent worked online temporarily, he could do his work from Spain for a few months. However, Respondent always made it clear to Petitioner that he had no intentions of moving to Spain permanently since his career and life, along with the children were in the United States.

In January 2021, Petitioner agreed to Respondent's conditions to maintain their official residence in the city of Miami and that they would only temporarily travel to Spain for a few months to open a salon and build a clientele during that time. Petitioner also agreed to split her income from the salon with Respondent, but she has never done so.

In March 2021 the couple traveled to Spain to explore conditions for a salon and applied for Spanish residency to avoid having to leave the country constantly. Residency was granted in July 2022.

During this period of time the couple's oldest daughter was enrolled between 2020-2021 in Master Academy charter school in the city of Miami online. She finished her studies that year and enrolled in the American School in Murcia Spain only for the 2021-2022 school year.

In April 2022 the couple's relationship began to deteriorate when it reached its breaking point. The couple's lease in Spain was cancelled in June 2022. Since the lease was cancelled effective June 2022, Respondent rented a house during the month of May 2022 in order to allow AGM to finish her school year. Respondent accepted Petitioner's request to live in his home because she had not found a house to live in. Respondent moved to this location with his kids.

In June 2022 Respondent filed for divorce and custody in the city of Murcia Spain on the advice of his lawyer. One week later, June 17, 2022, he flew with the children to the city of Miami where he and the children have been residing in Sunrise, Florida since July 2022. EGM is enrolled in Oaks Montessori school located Plantation, Florida. AGM is enrolled in Sawgrass Elementary School where she attends the second grade.

Although the Petitioner filed a criminal complaint in the city of Murcia Spain against the Respondent for child abduction it was ultimately rejected by the Spanish Court since there was no crime committed by Respondent upon his departure from Spain.

The Respondent's youngest son has spent more than half of his young life in the United States and his daughter has spent the majority of her life here.

**RESPONDENT'S ANSWER TO PETITIONER'S VERIFIED PETITION FOR RETURN OF THE CHILDREN TO SPAIN**

Paragraph 1 Denied in that the taking of the children was not unlawful.

Paragraph 2 Denied.

Paragraph 3 Denied.

Paragraph 4 Denied.

Paragraph 5 Denied.

Paragraph 6 Denied. Petitioner's attorney asked Respondent if Petitioner could see the kids out of the house and if possible to stay with the kids in a hotel. Respondent agreed.

Paragraph 7 Admitted.

Paragraph 8 Denied insofar as rights the Mother possesses in this case.

Paragraph 9 Admitted.

Paragraph 10 Denied in that the Father's removal of the children was not wrongful.

Paragraph 11 Admitted.

Paragraph 12 Admitted.

Paragraph 13 Denied.

Paragraph 14 Admitted.

Paragraph 15 Denied.

Paragraph 16 Denied.

Paragraph 17 Denied.

paragraph 18 Denied.

Paragraph 19 Admitted.

Paragraph 20 Denied.

Paragraph 21 Denied for lack of information.

Paragraph 22 Denied.

Paragraph 23 Denied in that the last lease was ultimately cancelled.

Paragraph 24 Denied.

Paragraph 25. Denied.

Paragraph 26 Denied pending the Spanish divorce action.

Paragraph 27 Denied. Respondent signed a pre-registration document for enrollment. Respondent did so to avoid enrollment in a new school in case something happened to him.

Paragraph 28 Denied.

Paragraph 29 Denied.

Paragraph 30 Denied.

Paragraph 31 Denied.

Paragraph 32 Denied.

paragraph 33 Denied.

Paragraph 34 Denied.

Paragraph 35 Denied.

Paragraph 36 Denied.

Paragraph 37 Denied.

Paragraph 38 Denied.

Paragraph 39 Denied.

Paragraph 40 Denied.

Paragraph 41 Denied.

Paragraph 42 Denied.

Paragraph 43 Denied.

Paragraph 44 Denied.

Paragraph 45 Denied.

Paragraph 46 Denied.

Paragraph 47 Denied.

Paragraph 48 Denied.

Paragraph 49 Denied.

Paragraph 50 Denied.

Paragraph 51 Admitted.

Paragraph 52 Denied.

Paragraph 53 Denied.

Paragraph 54 Denied.

Paragraph 55 Denied.

Paragraph 56 Denied.

Paragraph 57 Denied.

Paragraph 58 Denied.

Paragraph 59 Denied insofar as previous denials asserted.

Paragraph 60 Admitted.

Paragraph 61 Admitted.

Paragraph 62Denied.

Paragraph 63 Denied.

Paragraph 64 Denied.

Paragraph 65 Denied.

Paragraph 66 Admitted.

Paragraph 67 Denied.

Paragraph 68 Denied.

Paragraph 69 Denied.

Paragraph 70 Denied for lack of information.

Paragraph 71 Denied insofar as previous denials set forth above.

Paragraph 72 Denied.

Paragraph 73 Admitted; the father has no intention of removing the children from the jurisdiction of this court.

Paragraph 74 Denied insofar as denials set forth above.

Paragraph 75 Admitted.

Paragraph 76 Denied.

Paragraph 77 in that the mother does not meet the requirements for the relief stated.

Paragraph 78 Denied.

Paragraph 79 Denied.

Paragraph 80 Denied.

Paragraph 81 Denied.

Paragraph 82 Denied.

Paragraph 83 Denied as inapplicable to this case.

Paragraph 84 Admitted.

Paragraph 85 Denied.

Paragraph 86 Denied including the WHEREFORE clause.

Paragraph 87 Denied; The removal of the children were not wrongful.

Paragraph 88 Denied.

Paragraph 89 Denied for lack of information.

Paragraph 90 Admitted.

Paragraph 91 Denied.

Moreover, since the Father has incurred substantial costs and fees in defending this Petition the Court should award him costs fees and expenses incurred in defending this action.

## II.     RELIEF REQUESTED

The District Court should deny all relief requested by the Petitioner in this action in paragraphs 91 A through G.

### III.     AFFIRATIVE DEEFENSES

In and for its first Affirmative Defense the Respondent asserts that the Petitioner consented to the return of the children to the United States based upon her previous agreement with Respondent.

WHEREFORE Respondent respectfully requests that this Honorable Court deny the relief requested by Petitioner and award all costs fees and expenses incurred in the defense of this action to the Respondent.

Dated: April 26, 2023.

                                    Respectfully submitted,
**Michael B. Cohen, Esq.**

Attorney for Petitioner
Michael B. Cohen, Esq.
Fla. Bar No.: 210196
6400 North Andrews Avenue
Suite 505
Ft. Lauderdale, FL 33309
(T): 954-928-0059
(F): 954-928-0829
Michael@mcohenlaw.com
eservice@mcohenlaw.com